# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

HOPKINS D. PLEMONS,       )
                                         )
       Plaintiff,               )
                                         )
v.                                )     NO. 1:19-cv-00079
                                         )
RONALD DURAND,         )
                                       )
       Defendant.            )

## ORDER

Hopkins D. Plemons, also known as David Hopkins Plemons,[1] a former inmate of the South Central Correctional Facility (SCCF) in Clifton, Tennessee,[2] filed his pro se complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2) on September 19, 2019. On October 28, 2019, the Court notified Plaintiff that his IFP application was deficient, and gave him 28 days in which to cure the deficiency. (Doc. No. 4.) The Court explicitly warned Plaintiff that failure to comply with the Court's Order could result in the dismissal of his case. (Id. at 2.)

To date, well past the 28-day deadline, Plaintiff has failed to comply with the Court's Order. Dismissal of this action is therefore required.

---

[1]     Plaintiff signed his complaint "David Plemons" (Doc. No. 1 at 11) and has previously filed lawsuits in this Court under that name. See, e.g., Plemons v. Core Civic Admn. Headquarters, et al., 3:18-cv-00498 (M.D. Tenn. May 29, 2018).

[2]     The complaint, which Plaintiff signed on September 13, 2019, reflects his current address at SCCF, but includes a marginal notation of a new address in Columbia, Tennessee, "after 9/17/2019." (Doc. No. 1 at 2.) The Tennessee Felony Offender Information website confirms that September 17, 2019, is the date Plaintiff's sentence ended. https://apps.tn.gov/foil-app/results.jsp (last visited February 10, 2020).

Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Moreover, "[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal." Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1962)). Dismissal of this action is appropriate in view of Plaintiff's fault in failing to comply with the Court's Order, despite having been warned that such failure could lead to dismissal. Choate v. Emerton, No. 2:16-cv-00037, 2018 WL 3656505, at *2 (M.D. Tenn. Aug. 2, 2018), report and recommendation adopted, 2018 WL 4076955 (M.D. Tenn. Aug. 27, 2018). Under Rule 41(b), dismissal for failure to prosecute can be either with or without prejudice. In view of Plaintiff's pro se status, as well as the preference for disposing of cases on their merits, the Court finds dismissal without prejudice to be the appropriate disposition here. See id. (citing Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 591 (6th Cir. 2011)).

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for want of prosecution and for failure to comply with the Court's Order.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE